UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 3:16-CR-00198 (AWT) |
| ) | |
| JARED DYLAN SPARKS and ) | |
| JAY WILLIAMS ) | |

## DEFENDANT JARED DYLAN SPARKS' MOTION FOR NEW TRIAL

Defendant Jared Dylan Sparks respectfully moves the Court to order a new trial pursuant to Fed.R.Crim.P. 33, for the reasons set forth below.

1. On July 9, 2018, the jury returned verdicts of guilty against Mr. Sparks on Counts 2-7, 9-14, and 16 of the Indictment. The jury returned verdicts of not-guilty on Counts 1, 8, 15, 17, 18, 19, 20, 21, and 22. Co-Defendant Jay Williams was acquitted of all counts.

2. During trial, counsel for Mr. Sparks and Mr. Williams demonstrated multiple and serious violations of the prosecution team's constitutional obligations to provide the defense with exculpatory evidence; prior statements of prosecution witnesses; prior inconsistent statements of government witnesses; promises, inducements, and rewards; and other highly relevant and discoverable information, all in violation of *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); US Const., Amends. V, VI, XIV; 18 U.S.C. § 3500; Fed.R.Crim.P. 16 and 26.2; D.Conn. Standing Order on Pre-trial Discovery; and the United States Attorney's Office for the District of Connecticut, Criminal Division written policy on Discovery.

3. The prosecution team also violated the discovery policy of the United States Attorney's Office for the District of Connecticut, Criminal Division by, e.g., sending and receiving multiple electronic messages to/from witnesses discussing substantive matters; instructing agents not to write reports and/or take notes; failing to disclose information inconsistent with elements of the charged offenses; failing to disclose non-exculpatory neutral evidence; failing to disclose promises, inducements, and rewards; and failing to disclose memoranda of interviews. By way of example, despite the presence of an FBI agent at every witness interview, the prosecution failed to produce a single FBI 302 report.

4. Mr. Sparks anticipates that further constitutional violations will be uncovered at an upcoming evidentiary hearing, which has been ordered pursuant to the Court's finding that the prosecution has violated *Brady, supra*, and *Giglio, supra*, as well as in the transcripts of his trial.

5. Further, Mr. Sparks anticipates that the transcript of the prosecution's closing argument will reveal additional constitutional violations, e.g., the prosecutor misstated critical evidence, misstated controlling law, and presented a patently unfair version of the evidence adduced at trial.

6. Mr. Sparks reserves the right to supplement the grounds asserted above upon receipt of the trial transcripts, which have been ordered.

7. Mr. Sparks has separately moved for an extension of time of thirty (30) days from the production of the last trial transcript to file his supporting memorandum.

## CONCLUSION

For the reasons set forth above, Defendant Jared Dylan Sparks respectfully seeks a new trial pursuant to Fed.R.Crim.P. 33 and other relevant authorities.

Respectfully submitted,

**JARED DYLAN SPARKS**
By and through counsel,
*/s/ Patricia A. DeJuneas*
Patricia A. DeJuneas #92542
Ashley P. Allen*
Sibbison & DeJuneas
One Commercial Wharf West
Boston, MA 02110
(617) 529-8300
dejuneas@sdappeals.com
*\*Of counsel*

## CERTIFICATION OF SERVICE

     I hereby certify that on July 10, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

*/s/ Patricia A. DeJuneas*

Patricia A. DeJuneas